UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD W. BAILEY,<br><br>    Plaintiff,<br>v.<br><br>CITY OF LOWELL,<br>FRANCIS NOBREGA, NARIN MA,<br>OSCAR GOMEZ, STEPHEN COYLE,<br>ARAVANH LAKMANY, and<br>MATTHEW MCCABE,<br>in their individual capacities,<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

### INTRODUCTION

1. This is a civil rights and negligence claim for money damages against the City of Lowell and six of its police officers. In the spring of 2006, Plaintiff, a professor of African American Studies and History at Northeastern University, was living in an apartment in Lowell while doing research on the textile industry. Early in the morning on May 8, 2006, Mr. Bailey, then 57, received a telephone call from his 23-year-old son, who was downstairs having difficulty with building security and with the police. Plaintiff rushed downstairs immediately, not even pausing to put on a shirt or shoes. When he got there, he saw several of the Defendants striking his son with batons. Plaintiff tried to defuse the situation, urging his son to calm down and to listen to the police. Rather than working with Plaintiff to achieve this goal, Defendants roughed him up and arrested him, charging him with disorderly conduct, assault and battery on a police officer, and resisting arrest. One Defendant called him an idiot.

2. Without justification, Defendants handcuffed Plaintiff so tightly that he suffered nerve damage to his wrist. They brought him to the police station without any shoes or shirt. He was held in a cell overnight without receiving proper medical attention for his foot, which was cut during the incident, even though he told officers he was diabetic and had high blood pressure. In addition to these physical injuries, Mr. Bailey, who grew up as an African-American in Jim Crow Georgia, suffered severe emotional distress from Defendants' disregard of his humanity.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under Massachusetts law.

## PARTIES

4. Plaintiff Ronald Bailey was at all times material to this complaint a resident of the Commonwealth of Massachusetts.

5. Defendant City of Lowell is a Massachusetts municipal corporation located in Middlesex County and was at all times material to this complaint the employer of Defendants Nobrega, Ma, Gomez, Coyle, Lakmany, and McCabe. Defendant City of Lowell was at all times material to this complaint a public employer within the meaning of Mass. Gen. L. c. 258, § 1.

6. Defendants Nobrega, Ma, Gomez, Coyle, Lakmany, and McCabe (collectively, "the individual Defendants") were at all times material to this complaint police officers in the City of Lowell. Their actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lowell. Defendants were at all times material to

this complaint public employees acting within the scope of their employment within the meaning of Mass. Gen. L. c. 258, § 1. Each is sued in his individual capacity.

**FACTS**

7.      Dr. Ronald W. Bailey grew up in segregated Georgia in the 1950s. In 1979, he received a doctorate in Black Studies from Stanford University, becoming the first recipient of such a degree in the country. He has been a professor of African American Studies and History at Northeastern University for the past 20 years. In addition, he is a widely published scholar with a distinguished record of academic service, and has served as a member of the faculties at Cornell, Northeastern, and the University of Mississippi, and as Vice President for Academic Affairs and Provost at South Carolina State University and Knoxville College.

8.      In May 2006, Plaintiff was living in Lowell to do research on the textile industry. He was fifty-seven years old at the time. His son, Robeson, was living with him for a few weeks.

9.      At approximately 1 a.m. on May 8, 2006, Plaintiff was in bed in his apartment in Lowell. He got a telephone call from his Robeson, who was outside the building. Robeson told him, "Dad, they are trying to beat me. The police are beating me. Come to the door!"

10.     Plaintiff pulled on some pants and ran down five flights of stairs. When he got outside, he saw several of the individual Defendants and heard his son screaming. Barefoot and shirtless, he ran across the parking lot to where they were. He told Defendants that he was Robeson's father and pleaded with them to stop beating his son. He urged his son to calm down and to listen to the police.

11.     Rather than work with Plaintiff to defuse the situation, Defendants treated him as an adversary. Defendant Nobrega's police report states that Plaintiff "coached" his son to calm down

and to stop struggling with the police, and alleges that Plaintiff said, "You know how these people are."

12. Several Defendants forced Plaintiff to the ground, pushed his head down, and dragged him away, while several other Defendants continued to beat his son. One of the Defendants called Plaintiff an idiot.

13. Acting jointly and in concert, Defendants arrested Plaintiff and put him in handcuffs. Defendants placed the handcuffs on extremely tightly, causing Plaintiff severe pain. They did so without any law enforcement justification and for the purpose of punishing and humiliating Plaintiff. In the alternative, Defendants failed to exercise reasonable care in putting on the handcuffs. Plaintiff repeatedly complained to Defendants that the cuffs were too tight, but no one loosened them.

14. Plaintiff was brought to the police station wearing only pants. Defendants did not let him get shoes or a shirt from his apartment, and they did not provide him with clothing. They did so to further humiliate him. Plaintiff was held like this overnight in a cell.

15. While in custody Plaintiff noticed that his foot was bleeding. As a diabetic who also suffers from high blood pressure, he worried that this injury could become serious if left untreated. Although he raised his concerns with officers at the station, he was denied proper medical attention.

16. In the morning, Plaintiff was finally permitted to put on some clothes – Robeson's socks and t-shirt – to go to court. He was charged with disorderly conduct, resisting arrest, and assault and battery on a police officer. Plaintiff pleaded not guilty to the charges, which were ultimately dismissed.

17. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries:

(a) physical injuries including nerve damage to his right wrist, and pain and suffering; and

(b) mental and emotional damage, including severe distress and fear at being treated as less than human by the police.

## CLAIMS

### COUNT I   Claim under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments for Unreasonable Use of Force Against The Individual Defendants

18. The above paragraphs are incorporated by reference.

19. The individuals Defendants used unreasonable force against Plaintiff, including placing his handcuffs on excessively tightly.

20. Through their conduct, Defendants deprived Plaintiff of his clearly established right to be free from unreasonable force by police officers.

21. The individual Defendants acted in concert with one another to violate Plaintiff's rights. In the alternative, one or more of the individual Defendants knew of the unreasonable use of force and failed to intervene to prevent it despite a duty and opportunity to do so.

22. Defendants' actions were taken with deliberate or reckless disregard for Plaintiff's constitutional rights.

23. As a direct and proximate result of Defendants' actions, Plaintiff suffered the damages described above.

**COUNT II**  **Claim under Massachusetts Law for Assault and Battery Against Individual Defendants**

24. The above paragraphs are incorporated by reference.

25. The individual Defendants committed the common law tort of assault and battery when they applied unreasonable force while arresting Plaintiff. The individual Defendants acted jointly and in concert to commit this tort.

26. Defendants' actions were taken with deliberate or reckless disregard for Plaintiff's rights.

27. As a direct and proximate result of this conduct, Plaintiff suffered the injuries described above.

**COUNT III**  **Claim under Massachusetts Law for Intentional Infliction of Emotional Distress Against Individual Defendants**

28. The above paragraphs are incorporated by reference.

29. The individual Defendants intended to cause, or knew or should have known that their conduct would cause, severe emotional distress to Plaintiff; their conduct was extreme and outrageous; their actions caused Plaintiff's distress; and such distress was severe and of a nature that no reasonable person should be expected to endure.

30. Defendants' actions were taken with deliberate or reckless disregard for Plaintiff's rights.

31. As a direct and proximate result of this conduct, Plaintiff suffered the emotional injuries described above.

**COUNT IV    Claim under Mass. Gen. L. c. 258 for Negligence Against the City of Lowell**

32.    The above paragraphs are incorporated by reference.

33.    Acting within the scope of their employment by Defendant City of Lowell, the individual Defendants negligently used excessive force against Plaintiff, including negligently putting on his handcuffs too tightly and/or negligently failing to loosen them despite notice that they were injuring Plaintiff.

34.    As a direct and result cause of this conduct, Plaintiff suffered the injuries described above.

**WHEREFORE,** Plaintiff requests that this Court:

1.    Award compensatory damages;

2.    Award punitive damages against the individual Defendants;

3.    Award the costs of this action, including reasonable attorney's fees; and

4.    Award such other further relief as this Court may deem necessary and appropriate.

### JURY DEMAND

A trial by jury is hereby demanded.

>    RESPECTFULLY SUBMITTED,
>    For the Plaintiff,
>    By his attorneys,
>
>    /s/ Howard Friedman
>    Howard Friedman, BBO #180080
>    **Law Offices of Howard Friedman**
>    90 Canal Street, Fifth Floor
>    Boston, MA 02114-2022
>    (617) 742-4100
>    hfriedman@civil-rights-law.com

|  |  |
|---|---|
|  | /s/ David Milton<br>David Milton, BBO # 668908<br>**Law Offices of Howard Friedman**<br>90 Canal Street, Fifth Floor<br>Boston, MA 02114-2022<br>(617) 742-4100<br>dmilton@civil-rights-law.com |
| Dated: April 9, 2009 |  |